Mr. Justice ThacheR
delivered the opinion of the court.
The plaintiff in error instituted an action of debt against the defendant in error, at the September term, 1843, of the circuit court of the county of De Soto, upon a record of a judgment obtained in the state of Tennessee. The defendant plejfd-ed mil tiel record. At the March term, 1845, the defendant entered a motion to have the judgment of the court, at its Sep *322 tember term, 1844, sustaining his plea of nul tiel record, entered upon the minutes nunc pro tunc. Upon a judgment sustaining this motion, the plaintiff took a bill of exceptions, which discloses that upon the case being called for hearing upon the declaration and plea at the March term, 1845, the plaintiff offered in evidence a transcript of a record, to which the defendant objected upon the ground that at the previous term of the court the plaintiff had submitted the case upon another transcript of a record, and “ that thereupon the court had decided the plea of nul tiel record for the defendant, and had indorsed upon the plaintiff’s declaration its judgment, that said plea be sustained, and that the clerk had by accident, or omission, failed to enter judgment, in pursuance of said decision, and that thereupon the motion aforesaid for judgment nunc pro tunc was made and sustained.”
It was improper in the court below to have ordered the entry of a judgment nunc pro tunc, upon the state of facts presented in this record. The motion amounted to a request to the court to enter up a judgment when there was nothing in the record to rest that judgment upon. It was like a request to enter a judgment at a subsequent term, based upon a verdict rendered at a previous term, which verdict does not appear in the record and is required to be presumed. It was held by this court in Dickson v. Hoff’s Administrator, 3 How. 165, that the notes made by the judge on the docket are not part of the record, nor evidence for any purpose, and a judgment cannot be amended by them. The doctrine that in no case can an amendment be made at a subsequent term, unless there be something in the proceedings to amend by, was still further considered-and maintained by this court in Russell and Wife v. McDougall, 3 S. & M. 234. It was also held in Ridgway et al. v. Ward, 4 Humph. 430, that clerical errors cannot be corrected at a subsequent term, from the memory of the judge, or from written evidence filed in the cause, and only by proceedings of reCtord. It is apparent that the basis upon which the judgment in the case at bar was entered up, was not a matter of record, but a mere matter of memorandum by the judge.
*323 Tt is to be added, that with the foregoing view of the judgment below, the suggestion that this court may enter up such a judgment as the court below should have given, cannot be entertained.
Judgment reversed, and cause remanded.